# SPRING SESSIONS,

## 1907.

STATE *vs.* EDWARD BRISCOE.

*Criminal Law—Indictment—Obtaining Money by False Pretenses—*
*What Must be Proved—False Pretense Defined—Intent*
*Material—Testimony of Experts—Admissions*
*of Defendant; How Considered by the Jury.*

1. The Wilmington City Railway Company is a corporation of this State created by public act, and it is not necessary to prove that it is a corporation. And although in the statute in respect to "false pretense" the word corporation is not used, it is nevertheless *a person* within the meaning of said act.

2. In order to convict the defendant of obtaining money by false pretenses the State must prove, (1) that the defendant knowingly made the false pretense; (2) that he made such pretense with intent to cheat and defraud the company; (3) that by such pretense he actually did cheat and defraud the company, and did obtain from it thereby the money, it being the property of said company.

3. A false pretense is such a false representation of a fact, past or existing by a person who knows it to be untrue as is adopted or calculated to induce the person to whom it is made to part with something of value. It may consist in any act, word, symbol or token calculated to deceive another, and knowingly and designedly employed with intent to defraud another of money or other personal property. The intent is an essential element of the offense, and may be proved either by direct or circumstantial evidence.

4. The pretense must not only be false, but also of such a nature as is calculated to deceive. It must have enabled the defendant to obtain the money, and have influenced or induced the company to part with the same.

5. The testimony of experts, as well as admissions of the defendant, are to be considered by the jury in connection with all the other testimony, and should receive just so much weight as the jury think they are entitled to under all the circumstances of the case as disclosed by the evidence.

(*May* 20, 1907.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Daniel O. Hastings*, Deputy Attorney-General, for the State.

*Leonard E. Wales*, for the defendant.

Court of General Sessions, New Castle County, May Term, 1907.

INDICTMENT for obtaining money by false pretenses from The Wilmington City Railway Company, a corporation of the State of Delaware.

At the trial the State proved, among others, the following facts, viz:

That at about half-past nine o'clock on the evening of April 19, 1907, the defendant Briscoe approached two men at Pennsylvania Avenue and Du Pont Street in the City of Wilmington, stating that he had been struck by a car of The Wilmington City Railway Company running north on Du Pont Street; that a large quantity of blood was seen on the tracks of said company on Du Pont Street at Pennsylvania Avenue and while the same was being examined by two of the State's witnesses the defendant called the attention of said witnesses to a Wilmington City Railway car which was running on Du Pont Street south from Delaware Avenue, the terminus of the Du Pont Street line, three squares from Pennsylvania Avenue and Du Pont Street—stating that that was the car which struck him and requesting that they examine the car as it approached them towards the south and see if there was blood on the north end of the car and also to get the number of the car and write it down for him so that he might not forget it.

Said witnesses noticed something like blood on the north end of the car as it passed them and also stated that the number of the car was 62. They also testified that the face and shirt front of the defendant were covered with blood. At the request

of the defendant an ambulance was telephoned for and the defendant was sent to the Delaware Hospital; that he was there examined by a physician and no injuries whatever were found upon him, although he complained of pains in his head, and he was discharged from the hospital the following morning.

There was further evidence showing that blood was found on the pavement near the railway tracks at the terminus at Delaware Avenue. Two quart fruit jars smeared on the inside with what looked like blood, found near the scene of the alleged accident early the following morning, were admitted in evidence. The State also proved that between nine and ten o'clock on the morning of April 19th, the defendant went to the Wilmington Abattoir and purchased one quart of ox blood, stating that he wanted it to drink. The State further proved by Dr. A. Robin, City Bacteriologist and blood expert, that samples of blood taken from the fender of Car No. 62, from the tracks of the Company at Du Pont Street and Pennsylvania Avenue, and from the shirt worn by the defendant on the night of April 19th, were examined by him scientifically and microscopically and that said examination disclosed that none of said samples showed the usual characteristics of human blood, but that each and all of the same were consistent with ox blood. The State also showed that the prisoner obtained from the Wilmington City Railway Company the sum of $85.00 as compensation for his alleged injuries.

The State contended upon the above facts that the only reasonable inference that could be drawn therefrom was that the defendant, after purchasing the ox blood from the Abattoir Company, had smeared the same upon the north end of the bumper of Car No. 62 while it was lying over at the terminus at Delaware Avenue and Du Pont Street, then hastened back to Du Pont Street and Pennsylvania Avenue, poured blood upon the track there, smeared himself with the blood and left the jars in which he had brought the same where they were subsequently found, and then called the attention of the State's

witnesses at Pennsylvania Avenue and Du Pont Street to the evidences of his alleged injuries, which were wholly feigned and pretended; and having received compensation of $85.00 upon the basis of such pretended injuries, it rendered him clearly guilty of obtaining money by false pretenses.

The defendant denied the allegations of the State and stated that he purchased the ox blood in question but drank the same. upon the premises of the Wilmington Abattoir Company, explaining that the blood upon his shirt front, which the City Bacteriologist had stated was ox blood, was smeared upon the same from the liver and lights of a sheep which were bloody and which he was carrying home at the time the car collided with him.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—It is charged in this indictment that the defendant in the month of April last, designing and intending to cheat and defraud The Wilmington City Railway Company of certain money, unlawfully, knowingly and designedly, falsely pretended to the said company that he was, on the 19th day of April A. D. 1907, struck by a certain car of the said Wilmington City Railway Company while he the said Edward Briscoe was in the act of crossing Du Pont Street, in said City, at a point near Pennsylvania Avenue, and that he the said Edward Briscoe, by being so struck as aforesaid, had been physically injured and badly wounded, whereas in truth and in fact he was not, on said 19th day of April A. D. 1907, struck by said car of said company, in the manner aforesaid, at the place aforesaid, or in any manner or at any place, and was not then and there physically injured or badly hurt, in manner aforesaid, as he the said Edward Briscoe then and there well knew, and which said pretense he then and there knew to be false, and by color and means of said false pretense or pretenses he the said Edward Briscoe did then and there knowingly, unlawfully and designedly obtain from the said Wilmington City Railway Company certain paper money, with intent to defraud the said company.  The amount charged in the indictment is

the sum of one hundred dollars. It is not necessary that such particular sum should be proved to you, but if the State has shown to your satisfaction that any sum of paper money was obtained by the defendant from The Wilmington City Railway Company in the manner alleged it would be sufficient.

The offense charged against the defendant is that which is commonly known as obtaining money by false pretenses, and is based upon a statute of this State which provides "that if any person shall, by any false pretense, obtain from any other person any chattel, money or other valuable security, with intent to cheat or defraud any person of the same, every such offender shall be guilty of a misdemeanor," ete.

The Wilmington City Railway Company is a corporation of this State created by a public act of the Legislature, and the State is not, therefore, required to prove that it is a corporation. And although in the statute above mentioned the word "corporation" is not used, it is nevertheless a *person* within the contemplation and meaning of said act, and is to be so regarded by you. If it is shown to your satisfaction by the evidence that money was paid to the defendant for The Wilmington City Railway Company by an agent or representative thereof, such payment would be a payment by the company.

In order to convict the defendant under this indictment, the State must have proved (1) that the defendant knowingly made the false pretense; (2) that he made such pretense with intent to cheat and defraud The Wilmington City Railway Company (3) that by such pretense he actually did cheat and defraud The Wilmington City Railway Company, and did obtain from it thereby the said paper money, it then being the property of said company.

A false pretense has been defined to be such a fraudulent representation of a fact, past or existing, by a person who knows. it to be untrue, as is adapted to induce the person to whom it is made to part with something of value. And it may consist in any act, word, symbol or token calculated to deceive another, and knowingly and designedly employed by any person with

intent to defraud another of money or other personal property. *State vs. Lynn*, 3 *Pennewill* 316.

The intent to cheat and defraud is an essential element of the offense charged, and must be proved like any other material element of the charge in order to convict the prisoner. But such proof may be made either by direct or circumstantial evidence, and it is your province and duty to carefully consider all the facts and circumstances disclosed by the evidence in determining whether such intent existed or not.

The pretense charged must be not only false, but also of such a nature as is calculated to deceive. It must have enabled the defendant to obtain the money and have influenced or induced the company to part with the same.

The testimony of experts, as well as admissions of a defendant, are to be considered by the jury in connection with all the other testimony, and should receive just so much weight as you think they are entitled to under all the circumstances of the case as disclosed by the evidence.

In order to convict the prisoner the State must have proved to your satisfaction beyond a reasonable doubt every material element of the charge.

Where the testimony is conflicting it is your duty to reconcile it if you can. If you cannot do so, then you should give credit to the testimony of those witnesses which under all the circumstances of the case you deem most worthy of belief.

It is now for you to say, gentlemen, whether the defendant is guilty or not guilty of the offense with which he stands charged. If after carefully considering all the evidence, and applying the law thereto as we have stated it, you entertain a reasonable doubt of the defendant's guilt, that should inure to his acquittal. We say to you, however, that by a reasonable doubt is not meant a speculative or mere possible doubt, but a real and substantial doubt growing out of the evidence, and such a doubt as would remain in the minds of reasonable and fair-minded men after a careful consideration of all the testimony in the case.

          Verdict, guilty.